UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARELIOUS RAY REED,

    Plaintiff,

v.                                                                         Case No. 2:08-cv-14836

THIRD JUDICIAL CIRCUIT COURT,

    Defendant.
                                                     /

**NOTICE OF INTENDED DENIAL OF "MOTION FOR SUMMARY JUDGMENT"**

Plaintiff initiated this action *in forma pauperis* on November 18, 2008, when he filed a *pro se* complaint alleging that his constitutional rights had been violated by repeated postponements of his criminal trial proceedings in the Third Judicial Circuit Court of Michigan. On November 25, 2008, the court summarily dismissed this case pursuant to the screening requirements of 28 U.S.C. § 1915(e)(2). Specifically, the court, construing Plaintiff's complaint as an action pursuant to 28 U.S.C. § 1983, found that Plaintiff had failed to state a claim on which relief may be granted because Defendant is not a "person" within the meaning of that statute. (*See* Order Summ. Dismissal 2, Dkt. # 4.)

The court heard nothing further from Plaintiff until October 31, 2011, when he filed a "Motion for Summary Judgment." Though the court cannot readily ascertain the legal basis for Plaintiff's motion, he argues that he is entitled to judgment against Defendant in the amount of $14,107,500.00 because he has proof of a "linked transaction" that Defendant "did not contest." This proof seems to be a number of photocopied documents, filed with Plaintiff's motion, that appear to evince a Uniform

Commercial Code filing by Plaintiff with the Michigan Department of State of a $13,500,000 invoice to Defendant.

The court can discern no grounds for awarding Plaintiff the relief he requests. First and foremost, this case is closed and has been for three years. There is no provision under Federal Rule of Civil Procedure 56 which allows the court to grant summary judgment on a closed case. Yet, Plaintiff's current motion makes no mention of the dismissal of the complaint—not even to challenge the propriety of that dismissal[1]—but simply proceeds as if the case was never dismissed. Morever, even if the court could entertain the motion, Plaintiff has failed to present any coherent legal argument which would persuade the court that summary judgment was substantively appropriate. For these reasons,

THE COURT HEREBY GIVES NOTICE that it intends to deny Plaintiff's "Motion for Summary Judgment" [Dkt. # 5].

However, the court will not act until **December 19, 2011**, and will consider any additional information or explanation Plaintiff may chose to file before that date if he wishes to persuade the court that some other course or further consideration of his position is appropriate.

 s/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated: November 30, 2011

---

[1]The court states no view about the likelihood of success of any such attempt to rekindle Plaintiff's case.

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 30, 2011, by electronic and/or ordinary mail.

                                                s/Lisa G. Wagner
                                                Case Manager and Deputy Clerk
                                                (313) 234-5522