**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ARELIOUS RAY REED,

    Plaintiff,

v.                                      Case No. 2:08-cv-14836

THIRD JUDICIAL CIRCUIT COURT,

    Defendant.

                                           /

**ORDER DENYING "MOTION FOR SUMMARY JUDGMENT"
AND "MOTION TO REOPEN CASE"**

This court summarily dismissed the above-titled action on November 25, 2008, for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2). Almost three years later, on October 31, 2011, Plaintiff filed a "Motion for Summary Judgment." On November 30, 2011, the court issued a notice of its intent to deny that motion, primarily on the grounds that Federal Rule of Civil Procedure 56 provides no basis for granting summary judgment in a closed case. In response, Plaintiff filed a "Motion to Reopen" on December 12, 2011, arguing that his "Motion for Summary Judgment" brought forward "new and material documentary and oral evidence, which . . . through no fault of Plaintiff was unavailable prior to submission" and asking for relief under Federal Rules of Civil Procedure 59(b) and 60(b). Because Plaintiff has not demonstrated that relief from the court's order of dismissal is warranted, the court will deny both motions.

Of all the Federal Rules cited by Plaintiff in his two motions, the only one that would potentially allow the court to consider anew the merits of Plaintiff's case is Rule 60(b):

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 56(b). "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 56(c)(1); *cf.* Fed. R. Civ. P. 59(b), (e) (requiring motion for new trial or motion to alter or amend judgment be filed no later than twenty-eight days after entry of judgment).

Because Plaintiff has brought his motions more than one year after the court entered the order of dismissal, the court cannot grant relief under Rule 56(b)(2) based on his claims of newly discovered evidence. Thus, Plaintiff must satisfy the catch-all provision of Rule 60(b)(6), which "appl[ies] 'only in exceptional or extraordinary

2

circumstances which are not addressed by the first five numbered clauses of the Rule.'" *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) (quoting *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989)).  In other words, Plaintiff has the burden of demonstrating "unusual and extreme situations where principles of equity *mandate* relief."  *Id.*

Plaintiff has fallen far short of showing that relief is justified under Rule 60(b)(6).  The only argument he presents for "reopening" his case is his allegedly "new and material documentary evidence," which, as noted above, falls under Rule 60(b)(2).  Moreover, as the court discussed in the "Notice of Intended Denial," this "evidence" is nothing more than "photocopied documents . . . that appear to evince a Uniform Commercial Code filing by Plaintiff with the Michigan Department of State of a $13,500,000 invoice to Defendant."  (Notice 1-2, Nov. 30, 2011, Dkt. # 6.)   The relevance of these documents to Plaintiff's dismissed claims, even (generously) assuming the documents' veracity, remains unclear to the court.  Plaintiff has still yet to challenge the legal basis on which his complaint was originally dismissed: namely, that Defendant is not a "person" within the meaning of 28 U.S.C. § 1983.  He makes no cogent argument as to why judgment in his favor is legally appropriate, let alone why this is the extraordinary case where equity mandates relief.  Accordingly, and for the reasons articulated in the court's "Notice of Intended Denial" on November 30, 2011,

IT IS ORDERED that Plaintiff's "Motion for Summary Judgment" [Dkt. # 5] is DENIED.

3

IT IS FURTHER ORDERED that Plaintiff's "Motion to Reopen Case" [Dkt. # 7] is DENIED.

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated:  February 15, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 15, 2012, by electronic and/or ordinary mail.

        s/Lisa G. Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522